E. B. MILLER'S ADMR. *v.* MAXVILLE, ET AL, TURNPIKE ROAD COMPANY ET AL.

**Orders, Drawn on Treasurer by Secretary—Evidence of Indebtedness—Corporations.**
    An order drawn by the secretary of a turnpike company, on the treasurer, is evidence of an indebtedness of the amount of same from the drawer to the payee.

**Same—Liability of Drawer, where Funds of Company come into his Hands.**
    It is the duty of an officer of a corporation, who had given his payee an order on the treasurer, and accepted, payable out of a certain fund, to set aside so much thereof as is necessary to liquidate same, when said certain funds come into his hands as such officer.

**Same—Fraud on Creditors.**
    To permit the withdrawal of the fund, virtually appropriated to the payment of this debt, and take it out of the state, would be aiding in the effort to defeat a creditor in the collection of his debt.

APPEAL FROM WASHINGTON CIRCUIT COURT.

October 6, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

The order drawn on Hays, the treasurer of the turnpike road company, by appellee Mackin was evidence of an indebtedness to that amount by the drawer to the payee, and the parties all looked to the unpaid stock owing by the subscribers of stock to the road, for payment, as is manifest by the order itself, and the terms of acceptance by Hays the treasurer, and when Mackin recovered judgment against the defaulting stockholders, for the unpaid stock owing by them, having drawn the order on that fund, it was his duty to have assigned, and set apart to Miller so much of said judgment as was sufficient to pay him his debt.

To permit him to intervene, and withdraw the fund he had virtually appropriated to the payment of this debt, and to take it out of the state, would be aiding him in his effort to defeat a creditor in the collection of his debt.

The judgment sustaining the demurrer to the original and amended petitions is therefore *reversed,* and the cause remanded with directions to over-rule said demurrers, and for further proceedings consistent with this opinion.

*Craddock, for appellant.*

*Hill, for appellee.*